IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY PELUSO<br>MARISSA BOTTA<br>DAVID PIETROPAOLO<br>THOMAS SNELSIRE<br>WAYNE WEBBER<br>RONALD SIMAK<br>ANTHONY SCATENA<br>JAMES STEWART<br>DORIN DUNCAN | Criminal No. 20-375<br><br>[UNDER SEAL]<br><br>**FILED**<br>DEC 01 2020<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br><br>From in and around January 2020 to in and around November 2020 | 21 U.S.C. § 846 | ANTHONY PELUSO<br>MARISSA BOTTA<br>DAVID PIETROPAOLO<br>THOMAS SNELSIRE<br>WAYNE WEBBER<br>RONALD SIMAK<br>ANTHONY SCATENA<br>JAMES STEWART<br>DORIN DUNCAN |

| | | | |
|---|---|---|---|
| Two | Conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance | 21 U.S.C. § 846 | ANTHONY PELUSO<br>MARISSA BOTTA<br>THOMAS SNELSIRE |
| | From in and around January 2020 to in and around November 2020 | | |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count One:

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

1. That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

     5.    That the amount of cocaine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 500 grams or more.

    **B.**    **As to Count Two:**

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

     1.    That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

     2.    That the defendant was a party to or member of that agreement.

     3.    That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

     4.    That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I.

     5.    That the amount of heroin attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 100 grams or more.

### III. PENALTIES

A. **As to Counts One and Two: Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine; 100 grams or more of Heroin (21 U.S.C. § 846):**

    1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

    2. A fine not to exceed $5,000,000.

    3. A term of supervised release of at least four (4) years.

**If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:**

    1. A term of imprisonment of not less than ten (10) years to a maximum of life.

    2. A fine not to exceed $8,000,000.

    3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count of conviction, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774